## STATE EX REL. GEORGE RUSSELL VICKLUND v. RALPH H. TAHASH.

140 N. W. (2d) 698.

March 4, 1966—No. 39,478.

*Harlan Sween* and *Raul O. Salazar,* for appellant.

*Robert W. Mattson,* Attorney General, *Charles E. Houston,* Special Assistant Attorney General, and *Linus J. Hammond,* Assistant Attorney General, for respondent, warden of State Prison.

PER CURIAM.

This is an appeal from an order of the district court denying relief sought in postconviction proceedings by writ of habeas corpus.

From the record it appears that the petitioner entered a plea of guilty to the charge of feloniously obtaining a narcotic drug in violation of Minn. St. 618.18. It is ably contended by the court-appointed counsel that the petitioner did not have the benefit of adequate legal representation; that he did not understand the nature or the elements of the offense to which he entered a plea of guilty; and, further, that at the time of his arraignment and plea his physical and mental condition was impaired by reason of withdrawal symptoms resulting from drug addiction.

At the time of the oral argument before this court, it was represented that shortly prior thereto petitioner had been released from the custody

of the Adult Corrections Commission by a "conditional" release, effective September 17, 1965, which required that "he immediately leave the State of Minnesota not to return until after expiration of his sentence which is November 8, 1966." At the time the discharge was entered petitioner signed an acknowledgment which read, "I have carefully read, and do clearly understand, the contents and conditions of the above discharge, and I hereby accept the terms thereof in full and do pledge myself to honestly comply with said conditions." The state contends that by the discharge or release petitioner has waived his right to appeal or has abandoned it so there is nothing further before the court. We have withheld decision on the appeal in order to give the attorney for petitioner an opportunity to express his views as to whether the issues raised by the appeal should be pursued. After a considerable time, we have been advised by him that he has attempted to locate petitioner but is unable to do so; that he is not authorized to join in a dismissal of the appeal; and that the court should exercise its own judgment as to disposition.

It appears to us that there is some merit to the point raised by petitioner. In State v. Jones, 267 Minn. 421, 427, 127 N. W. (2d) 153, 157, we said, "No plea should be accepted where it appears doubtful that it is not made intelligently and understandingly." If we should grant the maximum relief to which petitioner would be entitled, the result would be that he would be returned to custody for a new trial. This result would probably not be welcomed by petitioner and, at the same time, would thwart whatever efforts the Adult Corrections Commission has taken to satisfactorily dispose of the matter. It would appear that a formal disposition of this case would accomplish no useful purpose. We consider the appeal as having been abandoned and dismiss it with leave to apply for reinstatement within a reasonable time.

Appeal dismissed.